STATE OF MINNESOTA *ex rel.* Cyrus J. Thompson *vs.* J. A. REED and others.

March 7, 1881.

The warden and inspectors of the state prison, being empowered by Gen. St. 1878, c. 120, §§ 49, 50, to lease the prison shops and grounds, and to let to service the able-bodied convicts, for the highest and best attainable price, advertised for and received bids, on examination of which the bid made by relator was found to be the highest, but the

relator failed to receive a lease, by reason of the matters stated in the opinion. He thereupon obtained an alternative writ of *mandamus* from this court, to compel the execution of a lease in accordance with the terms of his bid. The warden and inspectors answered the writ, testimony was taken by a referee, and the cause heard upon the writ, answer and proofs.

*Geo. L. & Chas. E. Otis,* for relator.

*Chas. M. Start,* Attorney General, *McCluer & Marsh,* and *W. P. Clough,* for respondents.

*By the Court.* Conceding what is claimed by the relator, that upon the acceptance by the warden and inspectors of his bid, he was legally entitled to the execution of a lease in accordance with the bid, still there might be terms and conditions, not inconsistent with the bid, which would be proper to insert, and which either party had a right to insist should be inserted, in the lease. Among those which the warden and inspectors might insist should be inserted were a condition against subletting, against removing the machinery and fixtures from the prison grounds, and for quarterly payments by the lessee. When the parties met, January 26th, to arrange the terms and execute the lease, the warden and inspectors, after concessions on both sides, arrived at the conditions upon these points which they would insist on; and they did insist on them. We think they had a right to have these conditions inserted. It appears that the relator unqualifiedly refused to execute a lease with such conditions. The parties separated on the 26th, and, as we think, with the understanding that his refusal was final, and that it terminated the transactions between them. The warden and inspectors always afterwards so treated it, as they had a right to do. This put an end to any rights of the relator under his bid. After it he was not entitled to a contract.

The peremptory writ is denied.